UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:24-cv-01023-ODW (DTBx) | Date | June 26, 2024 |
|---|---|---|---|
| Title | *Elizabeth McGowan-Jepsen v. Walmart, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**              **In Chambers**

On March 20, 2024, Plaintiff Elizabeth McGowan-Jepsen filed this action against Walmart, Inc., Walmart Claims Services, Inc., and "Daniel (employee)" in San Bernardino County Superior Court. (*See* Notice of Removal ("NOR") Ex. A ("Compl."), ECF No. 1.) On May 13, 2024, after being informed that Plaintiff claimed $1,000,000 in general damages and $300,000 in special damages, (NOR ¶ 13), Walmart, Inc. and Walmart Claims Services, Inc. (collectively, "Removing Defendants") removed the case to this Court, (*see* NOR). Defendants assert that the Court has under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the controversy is between citizens of different States. (*Id.* ¶¶ 5–17.)

On May 29, 2024, Plaintiff moved the Court to remand this case back to San Bernardino County Superior Court because both Plaintiff and "Daniel" are citizens of California. (Mot. Remand ("Mot." or "Motion"), ECF No. 12.) However, as the Court has found in a previous Order denying Plaintiff's motion for default judgment against "Daniel," "Plaintiff did not properly name Defendant 'Daniel,' most likely because the true name of the Defendant is unknown to Plaintiff." (Order Den. Mot. Default J., ECF No. 16.) "Therefore, 'Daniel' should be treated as a Doe Defendant." (*Id.*)

To determine whether a Doe defendant should be considered for the purposes of diversity jurisdiction, some sister courts in this circuit "examine the specificity with which the plaintiff describes the unnamed parties to determine whether that detail is enough to destroy diversity." *Chess v. CF Arcis IX LLC*, No. 20-cv-1625-CRB, 2020 WL 4207322, at *3 (N.D. Cal. July 22, 2020) (citing *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:24-cv-01023-ODW (DTBx) | Date | June 26, 2024 |
|---|---|---|---|
| Title | *Elizabeth McGowan-Jepsen v. Walmart, Inc. et al.* | | |

(E.D. Cal. 2015)). Other district courts find that "the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage." *Goldsmith v. CVS Pharmacy, Inc.*, No. 20-cv-750-AB (JCx), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020). Regardless of which approach is employed, the Court finds that Plaintiff does not describe "Daniel" with sufficient specificity to determine whether this party will destroy diversity. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing set for Plaintiff's Motion to Remand on July 1, 2024, at 1:30 p.m., and **DENIES** Defendant's Motion. (ECF No. 12.)

**IT IS SO ORDERED.**

:  00

Initials of Preparer   SE